lockout is required preliminarily to recall his employees and offer them work. From the record before us it is factually certain that none of these claimants ever refused to work. All of them were originally laid off for lack of work. The only evidence on this subject matter was that the claimants were told by their union to go to work unless they were locked out. There is also testimony that claimants were willing to work whenever they would be recalled by their employer. No evidence to the contrary was offered by the plaintiff.

We conclude that each and all of these claimants are eligible to receive unemployment compensation for the entire period in dispute from April 10, 1970, to July 4, 1970. The judgment appealed from is therefore reversed and the cause remanded for the entry of a judgment affirming the amended decision of the Director, in effect awarding compensation to claimants as above set forth.

Judgment reversed and cause remanded.

BURKE and HALLETT, JJ., concur.

WALTER J. EGEBERGH, Plaintiff-Appellant, v. RICHARD F. SCHUMANN, Defendant-Appellee.

(No. 59090; ▓▓▓▓▓▓▓▓▓▓)

First District (1st Division)—June 3, 1974.

PER CURIAM.
HALLETT, J., took no part.

Alan Kawitt, of Chicago, for appellant.

Richard F. Schumann, *pro se.*

*In re* REGINALD PRICE, a Minor, Respondent.

(No. 59518;

First District (1st Division)—June 3, 1974.